(18 App. Div. 390.)

SHAPTER v. CARROLL.

(Supreme Court, Appellate Division, Second Department. June 29, 1897.)

1. INCORPORATED VILLAGES—APPROPRIATIONS—RIGHTS OF INHABITANTS.
   Under Laws 1895, c. 262, amending section 38 of the "Town Law," the inhabitants of an incorporated village, constituting a separate road district within a town, are not entitled to vote for or against any appropriation for which the village is exempt from liability; but where the village will be liable for its share of such appropriation, the inhabitants are entitled to vote upon the proposition to make it.

2. SAME—MAINTENANCE OF HIGHWAYS.
   Under the charters of the villages of Flushing, College Point, and Whitestone, and section 53 of the "Highway Law," said villages are exempt from taxes imposed for the maintenance and repair of highways in the town outside the villages, but are not exempt from assessments for damages, and charges for laying out or altering any road, or creating or repairing a bridge, in the town.

Appeal from special term.

Application by Frank W. Shapter for an order against Thomas Carroll, town clerk of Flushing, to furnish separate ballots for the use of electors within the villages of College Point, Flushing, and Whitestone. From an order denying the motion, petitioner appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Howard A. Sperry, for appellant.
William Rasquin, Jr., for respondent.

CULLEN, J.   The villages of Flushing, College Point, and Whitestone are situate in the town of Flushing.   By the respective charters for the incorporation of those villages, they are exempted from the superintendence and control of the highway commissioners of the town, and constitute separate road districts.   An election was to be held in the town, to determine the question whether the town should issue bonds for the improvement of certain highways lying outside of these villages.   The sole question presented on this appeal is the right of the electors of those villages to vote on that proposition.   The denial of the right of such electors is based on the provisions of chapter 262 of the Laws of 1895:

"When any town shall have within its limits an incorporated village, constituting a separate road district, exempt from the supervision and control of the commissioners of highways of the town, and from payment of any tax for the salary or fees of said commissioners and from payment of any tax for the opening, erection, maintenance and repair of any highway or bridge of said town, without the limits of said village, no residents of such village shall vote at any annual or special election in such town for any commissioner of highways for said town, nor for or against any appropriation for the opening, laying out, maintenance, erection or repair, of any highway or bridge in said town without the limits of said village."

Giving this statute the construction contended for by the appellant, we think it is not decisive of the question, for subsequent legislation has been had upon the subject.   By chapter 178 of the Laws of 1896, section 69 of the "County Law," as to the proceedings to be taken to authorize a town to incur indebtedness for constructing and repairing highways or bridges, was amended by adding this limitation:

"But in the county of Queens a vote of the majority of the electors of any such town or towns, voting at an annual town meeting or special town meeting called for that purpose, must first be obtained before the board can authorize such town or towns to borrow any money for, or on the faith or credit of such town or towns for the purposes above mentioned."

It is entirely a sufficient answer to the claim of the appellant that the amendment quoted authorizes the issue of bonds only upon the vote of a majority of the voting electors of the whole town; and, if the statute of 1895 prescribes any different rule, that statute is pro tanto repealed by the later act.   But both these statutory provisions can be construed in pari materia, and there is no necessary conflict between them.   By the provisions of the charters of these villages, and by section 53 of the "Highway Law," villages are exempt from any taxes imposed for the maintenance and repair of the highways lying outside of the villages.   But this does not relieve them from assessments made for damages and charges for laying out or altering any road, or creating and repairing a bridge, in the town.   Section 53 is general, and applies to every case where an incorporated village within a town may be a separate road district.   Thus, from a certain class of public charges or expenses connected with the highways the villages are ex-

empt, while to another class they are subject. In the present case, the bonds, which, if the election resulted favorably to the proposition, were to be issued, would be a charge on the whole town, including the villages within it. The proper interpretation of chapter 262 of the Laws of 1895 I think is clear. It provides that when the village is "exempt from the supervision * * * and from payment of any tax for the opening, erection, maintenance and repair of any highway, * * * no residents of such village shall vote for or against any appropriation," etc. The meaning of this is that no residents of the village shall vote on the subject of an appropriation when the village is exempt from liability for such appropriation, but it is only in case the village is so exempt that the residents of the village are not to vote. Here, the property within the villages being chargeable with any appropriation that might be authorized at the election, the residents were entitled to vote on the subject.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.